428 So.2d 1075 (1983)
Columbus P. MILLET, Jr., et al.
v.
ROLLINS ENVIRONMENTAL SERVICES OF LOUISIANA, INC., et al.
No. 82 CA 0413.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Writ Denied April 15, 1983.
Patrick W. Pendley, Plaquemine, for plaintiff-appellee Columbus P. Millet, Jr.
Wallace A. Hunter, Baton Rouge, for defendant-appellant Rollins Environmental Services of Louisiana, Inc., et al.
Before COVINGTON, LANIER and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a ruling of the Eighteenth Judicial District Court denying defendant's peremptory exception of improper use of class action and certifying this case as a class action. Plaintiffs Columbus P. Millett, Jr., Roderick C. Ritterman and Reverend John Oldham, individually, and on behalf of other similarly situated, filed suit on May 6, 1981, seeking damages for injuries allegedly resulting from defendants Rollins Environmental Services *1076 of Louisiana, Inc., and Rollins Environmental Services, Inc., (hereinafter collectively referred to as Rollins) release of fumes and odors from defendants' hazardous waste deep-well disposal facility located in Iberville Parish. The accident complained of occurred on or about December 21, 1980.
In their petition, plaintiffs alleged that there were some 1400 persons, characterized as residents of the community of Bayou Sorrell, who were adversely affected by the release of the fumes and odors. Plaintiffs further allege that Rollins is liable for the alleged damages under Articles 2315 and 2317 of the Louisiana Civil Code.
In response to plaintiffs' petition, Rollins filed a peremptory exception of improper use of class action alleging that the matter was not one suited for the class action procedure, and further, that the class was not properly constituted. Plaintiffs subsequently brought a motion to maintain the litigation as a class action requesting that a rule nisi issue, ordering Rollins to show cause why the matter should not be certified as a class action. By an order dated April 2, 1982, the trial court certified the matter as a class action pursuant to LSA-C. C.P. Art. 591 et seq. Embodied in this order was the requirement that each prospective member of the class opt in or out of the class action, along with a specific procedure for notice to the prospective members of the class.
The same day the trial court's order was issued, plaintiffs filed a Motion and Order for Appeal, or alternatively, Notice of Application for Writs of Certiorari, Review and Mandamus. Plaintiffs complained of those portions of the ruling requiring prospective class members to opt in or out of the class, and further, of the requirement that notice be mailed to all prospective class members. This Court granted plaintiffs' application for writs in part, and ordered a writ of mandamus to issue directing the trial judge to eliminate the requirements of opting into the class action from his order dated April 2, 1982. In all other respects, the writ was denied.
Following this action, on April 26, 1982, Rollins filed a petition for devolutive appeal with the Eighteenth Judicial District Court alleging that the trial judge erred in overruling their peremptory exception of improper use of class action and in certifying this litigation as a class action. Defendants allege that the decision is contrary to the law and evidence and will cause them irreparable injury. The motion for appeal was granted on June 7, 1982, and thus, the matter is now before this Court.
At issue in this appeal is whether the trial judge erred in denying defendant's peremptory exception of improper use of class action and in certifying this litigation as a class action. We are of the opinion that he did not.
In Stevens v. Board of Trustees of Police Pension Fund of City of Shreveport, 309 So.2d 144 (La.1975), the Louisiana Supreme Court, in an effort to resolve the conflict among the various circuits of the Court of Appeal regarding the availability of the class action procedure found in LSA-C.C.P. art. 591, et seq., enunciated the criteria to be used in making such a determination. These criteria have been subject to further refinement in the subsequent cases of Williams v. State of Louisiana, 350 So.2d 131 (La.1977), and State ex. rel. Guste v. General Motors Corporation, 370 So.2d 477 (La. 1979).
LSA-C.C.P. articles 591(1)[1] and 592[2] provide that the class action procedure is available when the following requirements are present: (1) A class so numerous that joinder is impractical; (2) the joinder as parties *1077 to the suit of one or more parties who are (a) members of the class, and (b) so situated as to provide adequate representation for absent members of the class; and (3) a common character between the rights of the representatives of the class and the absent members of the class.
When, as in the case before the Court, the first two requirements are met, the relevant inquiry becomes whether "the character of the right sought to be enforced... is ... common to all members of the class", LSA-C.C.P. art. 591; which is not to be answered merely by a finding that there are common questions of law or facts. Williams v. State, supra, at 133. In Stevens, supra, at 151, the Court enunciated the various concerns involved in determination that a common character exists as follows:
"In determining how the legislature intended the courts to define and apply the concept of allowing a class action to enforce rights with a common character, we are mindful of the basic goals or aims of any procedural device: to implement the substantive law, and to implement that law in a manner which will provide maximum fairness to all parties with a minimum expenditure of judicial effort. Implicit, then, in decisions that rights are of a common character is a consideration of the extent to which a clear legislative policy might be thwarted, or hampered in its implementation, by the lack of availability of the class action device.
But this does not end the inquiry. Fairness to the parties demands at the least that the relationship between the claims of members of the class should be examined to determine whether it would be unfair to require separate adjudications, for instance, the courts should consider the precedential value of the first decision, as well as the extent of injustice that will be produced by inconsistent judgments in separate actions. Another factor to be considered, for example, is the size of the claims of the absent members of the class, for the greater the claim, the greater the interest of its owner in prosecuting it in a separate action."
The above mentioned criteria developed in Stevens and refined in Williams and Guste, when applied to the facts of this case, leads this Court to the conclusion that the trial court was correct in denying Rollins' exception of improper use of class action and in certifying this as a class action. The Williams decision specifically allowed the use of the class action procedure in a mass tort situation noting that the possibility of variations in individual recovery did not justify making the procedure unavailable when the other criteria had been met.
The proposed class in this case is comprised of an estimated fourteen hundred persons described as the residents of the community of Bayou Sorrell. Fourteen hundred separate suits certainly would pose a significant risk of inconsistent adjudications and earlier separate determinations with a prejudicial effect upon subsequent separate litigation. A finding by one court that Rollins was not responsible for the emission of the fumes, if affirmed on appeal and with review refused or not sought, could affect other suits in which facts not presented in the first case might result in a different finding. Additionally, the courts would be unduly burdened by separate suits or by the joinder or intervention of interested parties in separately brought actions. Guste.
The second decisive determination is that the prosecution of separate actions would pose a serious threat of substantially impeding the ability of class members to protect their interests. As in Guste, and unlike in Williams, there is no showing that this purported class is particularly impoverished or isolated; however, as in both of the above cited cases, the damages in this case appear to be relatively small. It would appear that a vast majority of the class members do not feel that the possibility of recovering damages justify the expense of bringing separate actions. As noted in both Williams and Guste, those few class members who anticipate large awards and who wish to control their own litigation are entitled to withdraw from any class action pursued.
*1078 "A third criterion is a determination whether the defendants resists liability for reasons which are generally applicable to the entire class." Guste, supra, at 489. While it is true that Rollins has not filed an answer in this litigation, it is entirely possible that it will seek to defend its actions on grounds applicable to all plaintiffs. This is true even in view of the fact that Rollins may be able to raise some specific defenses against some plaintiffs which are not available against others.
The fourth criteria developed in the jurisprudence is that questions of law or fact which are common to class members predominate over any questions which affect only individual members. In this case, counsel for Rollins has indicated that there may be defenses against some of the class members such as the fact that they were not present in the community at the time of the alleged occurrence. The Court is of the opinion that the issue of defendant's duty predominates over any such individual questions. As noted in Guste, supra at 489, "A contrary holding would permit a defendant to defeat maintenance of a class action merely by alleging the existence of a possible defense against some class members but not against others." Further, the fact that there may be varying degrees of damages or that some plaintiffs may not recover anything should not, in and of itself, bar the use of the class action procedure. Guste, Williams, Stevens.
The final consideration in determining whether the class action is appropriate in this case is whether the class action is the superior procedural vehicle for the fair and efficient adjudication of the controversy. There are several factors which must be taken into account in reaching such a determination.
The vast majority of the members of the class have demonstrated that they have no interest in controlling the prosecution of individual actions given the fact that they did not file individual actions. The second factor to consider is the nature and extent of litigation already begun by the class members. "In general, a class action is more useful when only a limited number of additional suits has been filed." Guste, supra at 490. In this case, the lack of individual suits filed would allow the court to process all of the claims in one proceeding. The desirability of concentrating the litigation in one forum is the third factor to consider in determining if the class action procedure is the most appropriate to process the dispute. This case is like Williams, in that all of the individual suits would be brought in the same judicial district court, and thus, this is not crucial to this determination.
The fourth and final factor to be considered is the difficulties to be encountered in the management of a class action. The Court in Williams, supra, at 136, determined that the principal concerns involved in weighing manageability were "assuring reasonable notice of incidental episodes in litigation, as well as ... distributing any recovery, if awarded." These concerns would appear to cause no problem in the present case given the location of all parties.
For the foregoing reasons, we believe the trial judge was correct in overruling defendant's exception of improper use of class action and in maintaining this litigation as a class action. This matter is remanded to the trial court for proceedings consistent with this ruling. Appellant is cast for all costs.
AFFIRMED AND REMANDED.
NOTES
[1] Article 591(1) provides: "A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties, and the character of the right sought to be enforced for or against the members of the class is: (1) Common to all members of the class * * *"
[2] Article 592 provides: "one or more members of the class, who will fairly insure the adequate representation of all members, may sue or be sued in a class action on behalf of all members."