WILLIAMS, Judge.
This appeal is from a judgment which denied certification of a class for the purposes of claiming damages resulting from flooding in the “Lower Coast Algiers” area.
Plaintiffs are all persons residing in “Lower Coast Algiers.” Defendants are the Parish of Plaquemines, the Louisiana Department of Transportation and Development, and the Sewerage and Water Board of New Orleans. A third party defendant is the Orleans Levee Board. The lawsuit filed on their behalf, and on behalf of others similarly situated, alleges personal and property damages resulting from the construction of a sandbag levee across Highway 406 and from inadequate drainage by the Sewerage and Water Board. During a heavy rainstorm, the construction of the levee allegedly obstructed the sole ingress and egress to petitioners’ neighborhood and obstructed the natural and usual drainage causing severe flooding. Initially, the class was certified; however, upon reconsideration, the judge denied plaintiffs’ motion for class certification maintaining defendants’ exception of improper use of a class action and plaintiffs’ suit was dismissed.
The plaintiffs’ main assertion is that the trial judge erroneously relied on Brown v. NOPSI, 506 So.2d 621 (La.App. 4th Cir.1987) and failed to apply pertinent Louisiana jurisprudential precedent to the class certification issue.
In his reasons for judgment, the trial judge concluded that plaintiffs’ claims were varied and would have to be tried separately in order to determine whether the damages sustained were the result of the temporary levee, the failure of the pumping station, imprisonment or other factors. In recognizing the possibility of separate trials for the determination of liability and damages, the trial judge stated that even if damages could be established, the court could not properly determine the issue of liability without a series of trials to determine what caused the damages.
The appellant contends that the instant case is clearly distinguishable from Brown v. NOPSI and in line with Livingston Parish Police Jury v. Illinois Central Gulf Rail Road, 432 So.2d 1027 (La.App. 1st Cir.1983). First they claim that there was a larger plaintiff class in Brown resulting in multiple proof problems. Second, in Brown, the court enumerated other causes which were plausible explanations for the damages sustained. In this case, however, claimants had not previously experienced any flooding problems until the construction of the levee. Appellants claim that this suit should not be reduced to an argument between defendants as to who caused what damage when, in fact, the court is presented with a classic case of concurrent causation.
The nature of appellants’ complaint centers on the characteristics of the defendants. There are several named defendants. The cause of plaintiffs’ damages may have been due to one or more reasons, each of the possible reasons arising' through actions of one or more of the defendants. Appellants claim that separate trials would not be any more necessary in the present case than in any case involving joint tortfeasors whose fault caused damage to a group of plaintiffs. Although it is true that joint tortfeasors are solidarily liable for the whole of damages produced by their concurrent fault it is not necessarily incumbent upon the plaintiff to prove each element of damage attributable to each defendant. Plaintiffs, however, must establish a causative link between the defendants’ conduct and the plaintiffs’ injuries. The plaintiffs in this case must establish that the defendants’ various actions (failing to operate pumping stations at full capacity, constructing a levee, etc.) caused the damages. The plaintiffs’ request for class certification is not defeated merely because there may be some question as to which defendants were responsible for the damages.
The plaintiffs’ most persuasive argument concerns a careful consideration of judicial efficiency. We note, however, that the certification of a class is primarily dependant upon the nature of the plaintiffs and whether or not the proposed class satisfies *202 the criteria set forth in Louisiana Code of Civil Procedure articles 591-595 which have been extensively discussed by Louisiana courts.
In determining whether a class action is proper under Louisiana law, proof of the following requirements is necessary:
(1) A class so numerous that joinder is impracticable;
(2) The joinder as parties to suit of one or more parties who are:
a) Members of the class; and
b) so situated as to provide adequate representation for absent members of the class; and
(3) A “common character” between the rights of the representatives of the class and the absent members of the class.
The Louisiana Code of Civil Procedure is quite clear in its articles and commentary on class action. Article 591 states the following prerequisites:
A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties, and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class; or
(2) Secondary, in the sense that the owner of a primary right refuses to enforce it, and a member of the class thereby becomes entitled to enforce the right.
The burden of establishing the prerequisites of a class is on the plaintiff. The decision of whether the plaintiff has met his burden is with the trial judge and will not be disturbed absent manifest error. Appellants claim that this case is basically analogous to the -Livingston case which extensively discusses the criteria for class action.
The Livingston case arose out of a train derailment which occurred in Livingston Parish in 1982. As a result of the derailment, an action was filed on behalf of residents of the area claiming both mental and physical damages. The defendants asserted that mass accident cases were unsuitable for class action treatment, relying in part on Rule 23 of the Federal Rules of Civil Procedure as support for their argument. The comment in the FRCP Advisory Committee Note to Rule 23 states that class action procedure is ordinarily inappropriate in mass accident cases. The Livingston court rejected this argument, noting not only that the Louisiana class action procedure is more flexible than Rule 23, but also that it encompasses most situations involving multiple claims arising from a single incident, assuming that the criteria for a class action are met. 432 So.2d at 1029 and 1032. As stated previously, these criteria are numerosity, commonality, and representativeness.
Plaintiffs contend that this case should be classified as a “mass tort” that is appropriate for a class action. In a “mass tort” class action the causative link between the defendant’s conduct and the plaintiffs damage is the same. The only issue that varies is the extent of damages for each class member. Brown, 506 So.2d at 623. In this case, the court below determined that there were various claims linked to various causes. The trial judge found that the questions as to which class members were damaged by which cause defeated the requirement of commonality.
Consequently, the trial judge determined that the plaintiffs failed to establish the requisite causal link. Additionally allowing a class action to proceed with varied, multiple claims against multiple defendants would yield a chaotic result. We agree with plaintiffs’ assertion that Brown is distinguishable from the instant case in that NOPSI had no control over the freezing temperatures and, consequently, various factors other than the freeze, contributed to the damages. Here, plaintiffs may or may not be able to show that defendants were the sole cause of injury, however even if responsibility is proven, the varied damage claims and multiplicity of available defenses would lead to the same conclusion reached by the Brown court, a class action proceeding is not the proper vehicle.
*203 Therefore, we agree that the ruling of the trial court is not manifestly erroneous.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.