638 So.2d 302 (1994)
Gracie S. ATKINS, et al.
v.
HARCROSS CHEMICALS, INC., et al.
Cheryl A. BONE
v.
HARCROSS CHEMICALS, INC., et al.
Elisa ADAMS, et al.
v.
HARCROSS CHEMICALS, INC., et al. (Two Cases).
Kerilyn F. ADAMS, et al.
v.
HARCROSS CHEMICALS, INC., et al.
Autry L. AIDOS, et al.
v.
HARCROSS CHEMICALS, INC., et al.
Monique K. BROOKS
v.
THOMPSON HAYWARD CHEMICAL CORPORATION, et al.
Vernel TAYLOR
v.
HARCROSS CHEMICALS, INC., et al.
Nos. 93-CA-1904 through 93-CA-1911.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1994.
Rehearing Denied July 19, 1994.
John J. Cummings, III, Richard M. Martin, Jr., Cummings, Cummings & Dudenhefer, *303 New Orleans, Calvin C. Fayard, Jr., Fayard, Harris & Honeycutt, Denham Springs, W. Hugh Sibley, Sibley & McShan, Greensburg, Frank Edwards, Domengeaux, Wright, Moroux & Roy, Hammond, Hugh P. Lambert, Linda J. Nelson, Lambert & Nelson, New Orleans, Lewis O. Unglesby, Unglesby & Koch, Baton Rouge, Bob F. Wright, Domengeaux, Wright, Moroux & Roy, Lafayette, for plaintiffs-appellees Grace Atkins, et al.
Burt K. Carnahan, Wayne R. Maldonado, Lobman, Carnahan & Batt, Metairie, and Robert R. Raymond, Joel R. Mosher, Shughart Thomson & Kilroy, Kansas City, MO, for defendants-appellants Harcross Chemicals, Inc.
Charles S. McCowen, Jr., G. William Jarman, Gary A. Bezet, Susan K. Carter, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, for defendant-appellant Philips Electronics North America Corp. formerly known as North American Philips Corp. and T.H. Agriculture & Nutrition Co., Inc.
Before KLEES, CIACCIO, and JONES, JJ.
KLEES, Judge.
Defendants Harcross Chemicals, Inc. ["Harcros"], North American Phillips Corporation, and T.H. Agriculture & Nutrition Company, Inc. ["Than"] appeal the judgment of the district court certifying these eight consolidated cases as a single class action. We affirm.
The lower court certified a class of individuals living within three blocks of a warehouse located at 7700 Earhart Boulevard in New Orleans. The warehouse, which is presently owned by Harcros, was from 1941 until 1977 a pesticide manufacturing plant owned and operated by the Thompson-Chemical Company, a predecessor of defendant THAN. Since 1977, it has been used as a warehouse storing industrial and dry cleaning chemicals and pesticides. Harcros purchased the facility in 1981. In 1989, Harcros and THAN, in conjunction with the Louisiana Department of Environmental Quality, began a remedial clean-up of the plant site.
On November 3, 1989, approximately 357 plaintiffs who claimed they were adversely affected by exposure to toxic substances from the operations at 7700 Earhart filed this class action in the civil district court. This suit was later consolidated for pretrial and discovery purposes with seven other individual lawsuits filed by persons making essentially similar claims. On March 24, 1993, the district court granted plaintiffs' motion for class certification, and subsequently issued orders defining certain subclasses. There are approximately 2,500 named plaintiffs in the class action, and at least 1,500 other proposed members of the class.
Defendants now appeal the trial court's certification of the class on the grounds that the legal requirements for class certification are not present under these facts. We find no error in the trial court's decision.
Article 591 of the Louisiana Code of Civil Procedure sets forth the prerequisites for the maintenance of a class action. It states:
A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties, and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class, or
(2) Secondary, in the sense that the owner of a primary right refuses to enforce it, and a member of the class thereby becomes entitled to enforce the right.
In addition, Article 592 ensures adequate representation of the class members. Interpreting these two articles, the Louisiana Supreme Court has established the basic requirements for a class action as:
1. A class so numerous that joinder is impracticable, and
2. The joinder as parties to the suit one or more persons who are
(a) members of the class, and
(b) so situated as to provide adequate representation for absent members of the class, and

*304 3. A "common character" among the rights of the representation of the class and the absent members of the class.
McCastle v. Rollins Environmental Services, 456 So.2d 612, 616 (La.1984).
In the instant case, defendants contend that the second two requirements, adequate representation and "common character" among the rights of the representatives and class members, are not present.
We first examine the central issue of whether there exists a common character among the rights of plaintiffs. Defendants contend that no such common character can possibly exist because of the wide variety of injuries and illnesses alleged by the various plaintiffs and because of the lengthy, ongoing nature of the alleged tortious activityi.e., the fact that many different types of chemicals were produced and stored at different times throughout the years of operation of the site. Defendants contend that these facts make the issue of causation one that must be proven separately in each individual case. In support of this argument, defendants cite Brown v. New Orleans Public Service, Inc., 506 So.2d 621 (La.App. 4th Cir.1987), in which this court refused to certify a class action in a case where rate payers of a utility company alleged various damages resulting from a power failure during a period of unusually cold weather. However, in Brown we recognized that resolving the issue of whether a "common character" of rights exists is essentially a balancing test; a class action is appropriate only when common questions of law and fact predominate over questions affecting only individual members of the potential class. Brown supra, at 622 (emphasis added). The objective of this requirement is "to identify the cases where a class action promises important advantages of economy of effort and uniformity of result...." Brown, supra at 622 (quoting McCastle, supra, 456 So.2d at 616).
In our view, the facts of the instant case are closely analogous to those of McCastle v. Rollings Environmental Services, supra, in which the Supreme Court overturned the appellate court's affirmance of the trial court's refusal to certify a class action. In McCastle, the named plaintiffs were among approximately 4000 residents of East Baton Rouge Parish who lived near a hazardous waste disposal facility. For over a year, land farming operations at the site had produced nauseating chemical fumes which allegedly caused plaintiffs to suffer various discomforts such as burning eyes, sore throats and upset stomachs. The odors and fumes released from the site were also alleged to have generally increased the plaintiffs' risk of diseases, such as asthma, cancer and heart disease. The Supreme Court noted that the only issue in dispute was whether the requirement of a "common character" among the rights of would-be class members was present. McCastle, supra, at 616. The Court stated:
The requirement of a "common character" restricts the class action to those cases in which it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.
. . . .
When a "common character" of rights exists, a class action is superior to other available adjudicatory methods for the purpose of promoting the basic aims and goals of a procedural device: (1) effectuating substantive law; (2) judicial efficiency; and (3) individual fairness. Therefore, if the superiority of a class action is disputed, the trial court must inquire into the aspects of the case and decide whether the intertwined goals of effectuating substantive law, judicial efficiency, and individual fairness would be better served by some other procedural device.
. . . .
Plaintiffs have asserted causes of action in behalf of a class of some 4000 residents and property owners for personal injuries caused by the emission of noxious odors, fumes and gases from defendant's hazardous waste land farming operation. The essence of the causes of action, which arise under Civil Code articles 667, 668, 669, and perhaps 2315 as an abuse of right, see Hero Lands Co. v. Texaco, 310 So.2d 93 (La.1975), is that the defendants conducted *305 activities on their premises which unreasonably inconvenienced and personally injured the member of the class for which the defendants are strictly liable.
456 So.2d at 616-618 (Citations omitted). Like McCastle, the instant case involves a large group of potential class members who live within a certain geographic area surrounding a facility whose chemical emissions allegedly have caused unreasonable inconvenience and personal injury to the class representatives and those similarly situated. In McCastle, despite the defendants' argument that the variations in the plaintiffs' injuries should preclude class certification, the Supreme Court found that the common issues predominated over the individual issues, stating:
That individuals may have been injured or unreasonably inconvenienced by noxious gases on varying dates by the defendant's land farm operations does not constitute a material variation in the elements of the class members' claims. With respect to the question of damages, individual questions of quantum do not preclude a class action when predominant liability issues are common to the class.
456 So.2d at 620 (citations omitted).
Defendants herein contend that the instant situation differs from McCastle because the time of exposure was long (many years), different emissions occurred at different times, and the variety of plaintiffs' injuries is greater. Defendants ignore the fact that the majority of other Louisiana decisions involving environmental torts such as this one have been in favor of class certification. See, e.g.: Millet v. Rollins Environmental Services, 428 So.2d 1075 (La.App. 1st Cir.1983), writ denied, 433 So.2d 153 (La.1983) (1400 residents affected by release of fumes and odors from hazardous waste deep well facility); Livingston Parish Police Jury v. Acadiana Shipyards, 598 So.2d 1177 (La.App. 1st Cir. 1992), writ denied, 605 So.2d 1122 (La.1992) (1200 residents alleging personal injury, mental anguish, economic and property damage from 30 years of emissions from hazardous waste dump site); Ellis v. Georgia Pacific Corporation, 550 So.2d 1310 (La.App. 1st Cir.1989), writ denied, 559 So.2d 121 (La. 1990) (Persons in two parishes affected by negligent discharge of phenol into river); Saden v. Kirby, 525 So.2d 200 (La.App. 4th Cir.1988) (Damage caused by severe flooding after construction of levee; Supreme Court summarily reversed court of appeal's denial of class certification, 532 So.2d 108-109 (La. 1988)); Adams v. C.S.X. Railroads, 615 So.2d 476 (La.App. 4th Cir.1993) (Physical, psychological and economic losses due to spill of chemical from tank car). Livingston Parish Police Jury v. Acadiana Shipyards, supra, which involved claims against numerous defendants for damages ranging from cancer to mere inconvenience resulting from thirty years of allegedly toxic emissions, is factually similar to the instant case. In concluding that there existed a common character of rights among the plaintiffs, the court stated:
Issues such as degree of exposure and type of injury which pertain to individual class members do not constitute a material variation of the elements of the claims of the class members. Neither do individual questions of quantum. Thus, here the questions of duty and liability predominate over individual issues raised by defendants.
598 So.2d at 1183 (Citations omitted).
In the instant case, we conclude that the common issues predominate over the individual ones. These common issues include: whether or not the substances produced and/or stored at the facility were toxic; whether or not such toxins were released or escaped and if so when and in what amounts; whether or not these toxins were of a sufficient concentration to endanger human health within the geographic area of the release; whether the defendants had a legal duty to anticipate and take steps to prevent the risk; and whether or not punitive damages are applicable. We therefore find the prerequisite of a "common character" among the rights of the plaintiffs is satisfied.
Defendants also contend that another prerequisite, adequacy of representation, is not satisfied. Article 592 of the Code of Civil Procedure requires that one or more members of the class, who will fairly insure the adequate representation of all members, be named plaintiffs. Defendants contend that no such adequate representation is possible because of the variety of claims. Under the *306 law, the claims of the class representatives must merely be a cross-section of, or typical of, the claims of all class members. Adams v. C.S.X. Railroads, supra, at 481, citing Livingston Parish Police Jury v. Acadiana Shipyards, supra, at 1181. In the instant case, ten plaintiffs testified they would serve as class representatives. Defendants also argue that the class certification is improper because the trial judge made no specific ruling as to the class representatives. However, no such ruling is required; the trial court's certification of the class presumes that the representation is adequate. In examining the record, we conclude that the trial court had sufficient evidence before it to support a finding that the class representatives would fairly insure the adequate representation for absent members of the class.
The trial court is afforded great discretion in class action certification. Wide latitude must be given the trial court in considerations involving policy matters and requiring an analysis of the facts under guidelines helpful to a determination of the appropriateness of a class action. Absent manifest error, the decision of the trial court must be affirmed. Adams v. C.S.X. Railroads, supra, 615 So.2d at 481 (citing Ellis v. Georgia-Pacific Co., supra, at 1313.) In the instant case, we find no manifest error in the trial court's decision. Accordingly, the judgment of the district court certifying the instant matter as a class action is affirmed.
AFFIRMED.