670 So.2d 548 (1996)
Gordon DUMONT
v.
CHARLES SCHWAB & CO., INC.
No. 95-CA-2010.
Court of Appeal of Louisiana, Fourth Circuit.
February 29, 1996.
Randall A. Smith, Gladstone N. Jones, III, Andrew L. Kramer, Smith, Jones & Fawer, L.L.P., New Orleans, Louisiana, for Plaintiff/Appellee, Gordon Dumont.
Ewell E. Eagan, Jr., William T. D'Zurilla, Donna Phillips Currault, Gordon, Arata, McCollam & Duplantis, L.L.P., New Orleans, Louisiana, for Defendant/Appellant, Charles Schwab & Co., Inc.
*549 Before KLEES, BYRNES and MURRAY, JJ.
MURRAY, Judge.
Appellant Charles Schwab & Co., Inc., (Schwab) appeals the certification of a class action by the trial court. It alleges that the trial court erred because: 1) individual issues predominate over the issues of the class; 2) this plaintiff is an inadequate class representative; and, 3) the case is inappropriate for class treatment. Schwab avers that class certification was improperly granted because the trial court only did so to "give plaintiff his day in court." We affirm.

PROCEDURAL HISTORY:
Gordon Dumont originally filed this action in Civil District Court. Schwab removed it to federal court on grounds of diversity and complete preemption. The federal court judge concluded that complete preemption did not exist, nor was there an amount in controversy sufficient to satisfy the diversity jurisdiction requirements. The case was remanded to state court.
After remand, the trial court questioned its jurisdiction and requested that the parties file additional briefs before deciding the class certification issue. Schwab filed exceptions of lack of subject matter jurisdiction and of no cause of action, and a motion for summary judgment. The court denied both exceptions and the motion, and granted Mr. Dumont's motion for class certification. This appeal followed.

FACTS:
Gordon Dumont is a customer of Schwab. He alleges that Schwab received payments from stock dealers in exchange for routing customer's transactions through those stock dealers. Mr. Dumont claims that Schwab breached its fiduciary and mandatory duty to him and other members of the potential class causing them damage by not disclosing this fact to the customers and requesting their permission, and not reimbursing those payments to customers.
Schwab asserts that it did nothing wrong. The practice of receiving cash order flow payments has been acknowledged by the Securities Exchange Commission (SEC), and is, in fact, closely regulated by the SEC. Schwab states that under the SEC regulations in effect at the time this suit was filed, a broker acting as an agent was required to send customers written notification disclosing whether any other remuneration was received, and if so, that the source and amount would be furnished upon written request of the customer. Schwab notes that there has been a recent change in that regulation, but that even now brokers are not required to stop receiving cash order flow payments. The SEC simply requires that brokers disclose the practice to their customers.
Schwab contends that it has always disclosed its practice of receiving cash order flow payments to its customers. It states that on the back of every confirmation slip, a statement is printed informing the customer that Schwab receives remuneration from the broker through whom the transaction was executed. Further, the notice also advises that Schwab will disclose the amount of such remuneration if the customer so requests.

LAW AND ANALYSIS:
An appeal court, in determining the appropriateness of a class action, must give wide latitude to the trial court. Absent manifest error, the trial court's decision on certification must be affirmed. Lailhengue v. Mobil Oil Co., 94-2114 (La.App. 4th Cir. 6/7/95), 657 So.2d 542. Additionally, any doubt about certification should be resolved in favor of certification because the decision can be easily modified later. McCastle v. Rollins Environmental Services of La., Inc., 440 So.2d 812 (La.App. 1st Cir.1983), rev'd on other grounds, 456 So.2d 612 (La.1984). Schwab asserts that because the trial court erred in its application of the law, this court should review the case de novo. However, the manifest error standard has been upheld and reaffirmed many times.
Articles 591 through 596 of the Louisiana Code of Civil Procedure address class actions. Of particular relevance to this case are Articles 591 and 592. There are three main factors that must be addressed before a class can be certified. First, there must be numerosity; that is, the potential class members are so numerous that joinder is impracticable. Second, there must be the joinder *550 as parties to the suit of one or more persons who are: a) members of the class, and b) situated so as to provide adequate representation for absent members of the class. Third, there must be a common character among the rights of the representatives of the class and the absent class members. The common character factor involves both the showing of a common question of law or fact and some relationship between the members of the class and its representatives. State ex rel. Guste v. General Motors Corp., 370 So.2d 477, 480 (La.1978).

1) Numerosity:

The parties are in agreement that the numerosity factor has been satisfied. Schwab has approximately 6500 customers in Louisiana.

2) Adequate Representation:

There is no fixed rule by which the "adequacy" of representation can be determined. It is a question of fact to be determined by the court in each case. Caswell v. Reserve Nat'l Ins. Co., 234 So.2d 250 (La. App. 4th Cir.), writ refused, 256 La. 364, 236 So.2d 499 (1970). Under the law, the claims of the class representatives must merely be a cross-section of or typical of the claims of all class members. Atkins v. Harcross Chemicals, Inc., 93-1904 (La.App. 4th Cir. 5/17/94), 638 So.2d 302, writ denied, 94-2161 (La. 11/11/94), 644 So.2d 396. The determination of whether plaintiffs are situated so that they may fairly ensure adequate representation is made by the court. Strong v. Bell South Communications, Inc., 26,010 (La.App.2d Cir. 9/21/94), 643 So.2d 319.
Schwab contends that Mr. Dumont's claim is not typical of the other class members because: 1) there are in fact five different types of class members based upon how closely they read the confirmation slip and the disclosure information, and their reaction thereto; and, 2) Mr. Dumont's claims are subject to unique defenses which may not be applicable to other potential class members. Further, Schwab contends that the absent class members are entitled to financial privacy.
Mr. Dumont responds that Schwab has attempted to fabricate differences between him and the absent class members. However, the basic premise of the lawsuit, i.e., Schwab violated La.C.C. arts. 3004 and 3005, is identical to each and every class member. As to the assertion that Mr. Dumont's claims are subject to unique defenses, he argues that defenses may affect the individual's ultimate sright to recover, but they do not affect the presentation of the case on the liability issues for the plaintiff class. Finally, Mr. Dumont claims that class counsel would never violate their duty to keep information about other class members confidential, and at this point in the litigation, it is not even certain that knowledge of the specific trading practices of the other class members will be needed to prosecute the claim. The trial court's certification of the class presumes that the representation is adequate. Great discretion is afforded the trial court in class certification cases; wide latitude must be given the trial court in considerations involving policy matters and requiring an analysis of the facts under guidelines helpful to a determination of the appropriateness of a class action. Atkins, supra. We do not find manifest error in the trial court's judgment that Mr. Dumont is an adequate class representative.

3) Common Character:

The third factor to consider when certifying a class is the common character factor. Schwab contends that individual issues predominate in this case thereby precluding class certification. It claims that Mr. Dumont's theory that the disclosures were inadequate under Louisiana law creates individual issues as to each customer's consent, knowledge, sophistication, diligence, acquiescence, waiver, estoppel, reliance, causation, state of mind, and damages. Also, Schwab argues that Dumont's alternate theory, that Schwab breached its duty to obtain the best execution for trades, also precludes class certification because according to the SEC regulations Schwab breached no duty. If, however, the court finds that Schwab has breached a duty, then individual inquiries will have to be made into the trade conducted for each individual customer, thus making a class action an inappropriate procedure.
*551 Mr. Dumont alleges that Schwab violated La.C.C. art. 3004 by not obtaining the express consent of its customers before accepting cash order flow payments from brokers, not that Schwab violated the best execution rule. The fact that Schwab informed customers of these practices on the backs of confirmation slips, and offered to be more specific if the customer requested, is insufficient. Mr. Dumont contends that Schwab, as a mandatary of its customers, is subject to the mandate rules set out in the Civil Code. Because they violated these codal articles as to all customers, a common thread exists as to the class.
Mr. Dumont further argues that Schwab's claims that individual issues exist as to each customer's consent, knowledge, etc., are purely conjectural. Also, speculative is Schwab's argument that because some class members may have known about the order flow scheme prior to placing an order, they impliedly waived consent. Mr. Dumont contends that the Louisiana Supreme Court already rejected Schwab's argument in State ex rel. Guste, supra. In that case, the attorney general brought suit against General Motors because the manufacturer was placing Chevrolet engines into Oldsmobiles without informing buyers. General Motors speculated, as does Schwab, that some customers may have known about the switch, but bought the cars anyway, thereby waiving any objection. The Court stated that any individual issues such as knowledge, were largely conjectural, whereas the issue of defendant's legal duty was common to every case. "A contrary holding would permit a defendant to defeat maintenance of a class action merely by alleging the existence of a possible defense against some class members but not against others." Id. at 489.
We agree with Mr. Dumont's arguments, and thus find no error in the finding by the trial court that a common character existed.
For the reasons set forth above, the judgment of the trial court certifying the instant matter as a class action is affirmed.
AFFIRMED.