STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JANE DOE

VERSUS

SOUTHERN GYMS, LLC, ET AL.


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 71767-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**Robert Jefferson David, Jr.**
**P. O. Drawer 51268**
**Lafayette, LA 70505-1268**
**(337) 269-0052**
**COUNSEL FOR DEFENDANT APPELLANT:**
     **Southern Gyms, LLC**


**Timmy James Fontenot**
**P. O. Box 68**
**Mamou, LA 70554**
**(337) 468-4052**
**COUNSEL FOR PLAINTIFF APPELLEE:**
     **Jane Doe**

**Douglas Michael Chapoton**
**Powers, Sellers & Chapoton**
**P. O. Box 15948**
**Baton Rouge, LA 70895**
**(225) 928-1951**
**COUNSEL FOR DEFENDANT APPELLANT:**
     **Anytime Fitness, Inc.**

**A. Simone Manuel**
**701 Poydras Street, Ste 4800**
**New Orleans, LA 70139-4800**
**(504) 561-0400**
**COUNSEL FOR DEFENDANT APPELLANT:**
     **Lexington Insurance Company**

**SAUNDERS, Judge.**

This case involves a plaintiff who filed a class action against the assistant manager of a fitness gym, the fitness gym, the parent company of the fitness gym, and the fitness gym's insurance company. This appeal deals solely with the issue of whether the trial court correctly certified the class. We affirm.

## FACTS AND PROCEDURAL HISTORY:

Plaintiff, Jane Doe (Doe), was contacted in April 2010 by the members of the Baton Rouge Police Department. She was asked to identify pictures of herself taken in various stages of undress. These pictures were taken by Terry Telschow (Telschow), as assistant manager at Anytime Fitness, located at 200 Government Street in Baton Rouge, Louisiana. Telschow, using a hidden pen camera, admitted to placing the camera in the ladies locker room on ten to fifteen occasions between November 1, 2009, and April 5, 2010. While meeting with the police, Doe learned that there were several other victims of the actions of the Telschow.

On June 25, 2010, Doe filed a class action petition for damages against Southern Gyms, LLC, Anytime Fitness, Inc., Terry Telschow, and eventually, after amending her original petition on September 28, 2010, Lexington Insurance Company (Southern Gyms, LLC; Anytime Fitness, Inc.; Telschow; and Lexington Insurance Company collectively "Defendants" hereafter). After motions not relevant to this appeal were made and writs taken on other issues, the trial court certified the requested class as "all females who physically entered the women's restroom/locker room/ changing room at Anytime Fitness, 200 Government Street, Baton Rouge, LA 70802 from November 1, 2009, through and including April 5 2010."

Defendants perfected a timely appeal. In the appeal, they raise two assignments of error.

## ASSIGNMENTS OF ERROR:

1.     The trial court erred and was manifestly erroneous in finding that Jane Doe presented sufficient facts to prove by a preponderance of evidence that class certification was proper under [La.Code Civ.P. art.] 591.

2.     The trial court abused its discretion in certifying the class under [La.Code Civ.P. art.] 591.

## DISCUSSION OF THE MERITS:

Defendants assert in their two assignments of error that the trial court incorrectly certified the class.  We find no merit in this assertion.

Louisiana Civil Procedure Article 591 states:

A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:

> (1) The class is so numerous that joinder of all members is impracticable.
>
> (2) There are questions of law or fact common to the class.
>
> (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
>
> (4) The representative parties will fairly and adequately protect the interests of the class.
>
> (5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.

B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:

> (1) The prosecution of separate actions by or against individual members of the class would create a risk of:
>
> > (a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:

(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;

(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(c) The desirability or undesirability of concentrating the litigation in the particular forum;

(d) The difficulties likely to be encountered in the management of a class action;

(e) The practical ability of individual class members to pursue their claims without class certification;

(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation; or

(4) The parties to a settlement request certification under Subparagraph B(3) for purposes of settlement, even

though the requirements of Subparagraph B(3) might not otherwise be met.

C. Certification shall not be for the purpose of adjudicating claims or defenses dependent for their resolution on proof individual to a member of the class. However, following certification, the court shall retain jurisdiction over claims or defenses dependent for their resolution on proof individual to a member of the class.

"The appellate courts will only decertify a class where there is an abuse of the trial judge's vast discretion." *Banks v. New York Life Ins. Co.*, 98-551, p. 6 (La. 12/7/98), 722 So.2d 990, 993-94, *cert. denied*, 528 U.S. 1158, 120 S.Ct. 1168 (2000). Under La.Code Civ.P. art. 591.

In order for class certification to be proper, "the burden is on the plaintiffs to establish that the statutory criteria for a class certification are met." *Duhe v. Texaco, Inc.*, 99-2002, p. 11 (La.App. 3 Cir 2/7/01), 779 So.2d 1070, 1078, *writ denied*, 01-637 (La.4/27/01), 791 So.2d 637; *see also Clark v. Trus Joist MacMillian*, 02-676, 02-512 (La.App. 3 Cir. 12/27/02), 836 So.2d 454, 459, *writ denied*, 03-275 (La.4/21/03), 841 So.2d 793 ("Plaintiffs must establish by preponderance of the evidence that each of the elements for class certification has been met."). However, "[t]he district court has wide discretion in deciding whether to certify a class and the decision will not be overturned absent a finding of manifest error or abuse of discretion." *Roberson v. Town of Pollock*, 05-332, p. 9 (La.App. 3 Cir. 11/9/05), 915 So.2d 426, 432, *writ denied*, 06-213 (La.4/24/06), 926 So.2d 550. Further, "[t]he court should err on the side of maintaining the class action since the judge may always modify or amend the class at any time prior to a decision on the merits." *Clark*, 836 So.2d at 459-60 (citing La.Code Civ.P. art. 592 A(3)(c) ).

*Gunderson v. F. A. Richard & Assoc., Inc.*, 07-331, 07-264, 07-400, p. 9 (La.App. 3 Cir. 2/27/08), 977 So.2d 1128, 1136-37, *writs denied*, 08-1069, 08-1063, 08-1072 (La. 9/19/08), 992 So.2d 953 (alterations in original). The threshold requirements of La.Code Civ.P. art. 591(A) are numerosity, commonality, typicality, designation of class representatives and definition of the class using objective criteria. *Clark*, 836 So.2d 454.

*NUMEROSITY:*

4

Defendants' objection to this class certification focuses mainly on the assertion that Doe failed to prove numerosity. "Generally, this requirement is satisfied upon a showing the plaintiffs are so numerous that separate suits would unduly burden the courts and joinder of all claims is impractical." *Clark*, 836 So.2d at 461 (citing *Duhe*, 779 So.2d 1070; *Johnson v. Orleans Parish Sch. Bd.*, 00-825 (La.App. 4 Cir. 6/27/01), 790 So.2d 734).

> There is no set number at which a class is considered so numerous as to make joinder impracticable. Whether a class is so numerous as to make joinder impracticable is based upon the facts and circumstances of each individual case. *Dumas v. Angus Chemical Co.*, 25,632 (La.App. 2 Cir. 3/30/94), 635 So.2d 446, *writ denied*, 94-1120 (La. 6/24/94), 640 So.2d 1349. It is within the trial court's great discretion to determine if, under the facts and circumstances of the case before it, it is in the best interest of judicial efficiency and economy to certify the action as a class action. *See Atkins v. Harcross Chemicals, Inc.*, 93-1904-1911 (La.App. 4 Cir. 5/17/94), 638 So.2d 302, *writ denied*, 94-2158 (La. 11/11/94), 644 So.2d 396; *Dumas*, 635 So.2d 446. Therefore, a trial court's decision on whether a class meets the numerosity requirement will not be disturbed absent an abuse of discretion.

*Ducote v. City of Alexandria*, 95-1197, p. 14 (La.App. 3 Cir. 3/6/96), 670 So.2d 1378, 1387.

Here, the record provides that Telschow admitted to videotaping women in various states of undress from November 1, 2009, to April 5, 2010, on ten to fifteen occasions. He also admitted that there are at least five other women that he videotaped during that time that he could not identify. Doe submitted evidence of a list approximately 250-300 women that went into Anytime Fitness during that time period. Any of those women that entered into the area Telschow was videotaping could have been exposed to his camera. Thus, each woman could potentially have suffered damages due to the fear of images surfacing depicting them in various states of undress. We note that Anytime Fitness is a nationwide business entity which allows its members to use any location, nationwide. Thus,

there is potential for aggrieved parties to be located not only in Louisiana, but other states as well and, certainly, from areas outside of Baton Rouge, Louisiana.

The number of women provided by Doe and the various potential locations of aggrieved parties provide a basis for the trial court to find that the lack of a class action could unduly burden the courts and joinder of all interested parties is impractical. Given the above and our directive of erring on the side of maintaining the class action because the judge may always modify or amend the class at any time prior to a decision on the merits, we find no abuse of discretion by the trial court in ruling that Doe has met the numerosity requirement.

*COMMONALITY:*

This requirement is met if plaintiffs can demonstrate that there is "one issue, the resolution of which will affect all or a significant number of plaintiffs." *Duhe*, 779 So.2d at 1078. In this case, the common issue for all potential plaintiffs is whether they have suffered harm due to Telschow's admission to videotaping women in various states of undress from November 1, 2009, to April 5, 2010. Defendants contend that class certification must fail because each plaintiff would have differing degrees of injury. This contention is without merit. It is not necessary that all plaintiffs suffer identical damage and "individual questions of quantum do not preclude a class action when predominant liability issues are common to the class." *McCastle v. Rollins Env't Servs. of Louisiana, Inc.*, 456 So.2d 612, 620 (La.1984). Accordingly, we find no abuse of discretion by the trial court in concluding that Doe has met the commonality requirement.

*TYPICALITY:*

Typicality necessitates that the claims of class representatives are typical of all members. "It satisfies typicality if the representative plaintiffs' claims arise out of the same event or course of conduct as the class members' claims and are based

on the same legal theory." *Duhe*, 779 So.2d at 1079. Here, Doe was positively identified in pictures by the Baton Rouge Police Department. Her damages arise out of the same events as the class. Thus, Doe has met the typicality requirement.

*DESIGNATION OF CLASS REPRESENTATIVES:*

"The test for adequate representation requires that class representatives have sufficient interest in the outcome of the case to insure vigorous advocacy of the cause. Additionally, it must be shown that counsel for the representatives are competent and experienced and will adequately represent members of the class." *Clark*, 836 So.2d at 462. Here, defendants have not disputed that Doe has sufficient interest in the outcome of the case, nor have they disputed that Doe's counsels are competent, experienced, and will adequately handle this case.

*DEFINITION OF THE CLASS USING OBJECTIVE CRITERIA:*

"This element requires the class be defined objectively in terms of ascertainable criteria for purposes of the conclusiveness of the judgment." *Id.* Here, the trial court defined the class as, "all females who physically entered the women's restroom/locker room/ changing room at Anytime Fitness, 200 Government Street, Baton Rouge, LA 70802 from November 1, 2009, through and including April 5 2010." We find no error in this class definition.

**CONCLUSION:**

Southern Gyms, LLC, Anytime Fitness, Inc., Terry Telschow, and Lexington Insurance Company raise two assignments of error. Both assignments contend that the trial court erred in certifying the class under La.Code Civ.P. art. 591.

We find no error by the trial court in certifying the class. Thus, we find no merit to the assignments of error and affirm the trial court in this regard. All costs

7

of these proceedings are assessed to Southern Gyms, LLC, Anytime Fitness, Inc., Terry Telschow, and Lexington Insurance Company.

**AFFIRMED.**