657 So.2d 542 (1995)
June B. LAILHENGUE, et al.
v.
MOBIL OIL COMPANY, R.V. Pisarczyk, et al.
Dawn LANGLOIS, et al.
v.
MOBIL OIL COMPANY, et al.
Monica SHERWOOD
v.
Lawrence HESS, et al.
Nos. 94-CA-2114, 94-CA-2115 and 94-CA-2116.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1995.
*544 Joel L. Borrello, Paul G. Pastorek, William J. Kelly, III, Adams & Reese, New Orleans, for appellants.
Eldon E. Fallon, Nick F. Noriea, Jr., Andrew A. Lemmon, Gainsburgh, Benjamin, Fallon & David, New Orleans, and Sidney D. Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, and Gilbert V. Andry, IV, Jerald N. Andry, Jr., Andry & Andry, New Orleans, for appellees.
Before BARRY and CIACCIO and MURRAY, JJ.
CIACCIO, Judge.
Defendants appeal from a judgment of the trial court certifying plaintiffs' claims as a class action. For the following reasons, we affirm in part and vacate in part the trial court's judgment and remand for further proceedings.

FACTUAL BACKGROUND
On November 4, 1990, at approximately 11:21 p.m., a fire erupted at the Mobil Refinery in Chalmette, Louisiana. The fire was caused by an explosion in the hydrocracker unit in the refinery, and several explosions occurred thereafter. The explosions and fire expelled oil, soot, insulation, asbestos and other debris throughout the neighboring community. There was apparently a shift in wind direction during the night, and debris and soot were reported in St. Bernard Parish, including Chalmette, and in parts of Algiers.
The St. Bernard Parish Fire Department and the Mobil Emergency Response Team responded to the fire immediately, and the fire was contained at approximately 2:37 a.m. on November 5, 1990. The fire was completely extinguished by 3:00 p.m. that afternoon.
On the morning of November 5, 1990, a "Class Action Petition for Damages" was filed on behalf of June Lailhengue and others as representatives of a class of individuals residing in St. Bernard Parish who suffered damages as a result of the explosions and resulting fire which occurred at the refinery the previous night. Plaintiffs alleged that defendants Mobil Oil Company and several of its employees were liable for damages suffered by them on the basis of negligence and strict liability. Plaintiffs also sought exemplary damages.
Additionally, a total of nine separate lawsuits were eventually filed against Mobil by persons living in St. Bernard Parish and the Algiers section of Orleans Parish, asserting claims for physical, psychological and economic damages allegedly sustained as a result of the explosions and fire. These suits were eventually consolidated into one section of the trial court.
On May 18 and 19, 1994, on motion of plaintiffs, a class certification hearing was held in the trial court. At this hearing, plaintiffs introduced the testimony of eight proposed class representatives and several other fact witnesses who testified as to the facts surrounding the incident and the damages they allegedly suffered as a result of the explosions and fire. One of these witnesses who lived in Algiers stated that he and other residents smelled oil and soot. Another witness who lived in St. Bernard Parish stated that oil and other materials were spread onto their property following the explosions and fire. One witness produced the shirt he wore on the night of the fire which showed oil spots.
In addition, plaintiffs offered into evidence the petitions of 1200 individuals claiming damages as a result of this incident, as well as evidence indicating that 1000 additional individuals and businesses of St. Bernard Parish and Algiers had come forward seeking to assert claims. Plaintiffs also introduced a graphic depiction of the location of the individuals who had asserted claims.
Defendants introduced the testimony of the Fire Chief of the St. Bernard Parish Fire Department and the deposition testimony of the leader of Mobil's Emergency Response Team who testified that the explosions and fire presented no serious threat to neighboring residents, and no evacuation was ordered. Mobil also introduced the testimony of several Mobil employees as well as that of the leader of an independent investigative team who searched the neighboring areas after the *545 fire for evidence of damage. These witnesses stated that the damage was confined to a small, concentrated area directly across from the refinery.
The trial court took the matter under advisement, and on August 3, 1994, the court rendered judgment certifying a class action and defining the class as follows:
Any person or entity who resided, was present, or who owned property in St. Bernard Parish or Algiers on November 4 and 5, 1990, and who sustained physical injury, medical expenses, property damage, inconvenience, evacuation, [sic] expenses, emotional distress, fear, fright, anxiety, economic loss, business loss or expenses, or who are entitled to exemplary damages, as a result of the explosions and fire that occurred at Mobil Oil Corporation's Chalmette Refinery on those dates.
In the judgment, the trial court also confirmed the proposed class representatives and the class counsel. In addition, the trial court assigned lengthy reasons for judgment.
From the judgment granting class certification defendants appeal alleging several assignments of error. The primary issues raised on appeal are whether the legislative and jurisprudential criteria for class certification have been met and whether the trial court correctly established the geographic boundaries of the class. We have reviewed the record in this matter and find no abuse of the trial court's discretion in certifying these consolidated cases as a class action. However, with regard to the trial court's definition of the class, we find that the boundaries set by the court are not supported by the evidence in the record and we therefore remand this case to the trial court to redefine the geographical limits of the class.

PREREQUISITES OF CLASS ACTION
On appeal, Mobil first contends that plaintiffs failed to carry their burden of proving their entitlement to a class action. Specifically, Mobil contends that plaintiffs failed to prove that "the class action is a superior procedural vehicle for the fair and efficient adjudication of this controversy."
The law is clear that plaintiffs seeking to assert a class action have the initial burden of proof. Dumas v. Angus Chemical Co., 25,632 (La.App. 2 Cir. 3/30/94), 635 So.2d 446, writ denied, 94-1120 (La. 6/24/94), 640 So.2d 1349. The prerequisites for the institution of a class action are:
1. A class so numerous that joinder is impracticable, and
2. The joinder as parties to the suit one or more persons who are:
(a) members of the class, and
(b) so situated as to provide adequate representation for absent members of the class, and
3. A "common character" among the rights of the representatives of the class and the absent members of the class.
McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612 (La. 1984); La.C.C.P. arts. 591 and 592.
In determining the appropriateness of a class action, wide latitude is given to the trial court. Such a decision must be affirmed absent manifest error. Atkins v. Harcross Chemicals, Inc., 93-1904 (La.App. 4 Cir. 5/17/94), 638 So.2d 302, 306, writ denied, 94-2158 (La. 11/11/94), 644 So.2d 396.
In its reasons for judgment, the trial court stated as follows:
A class action is the most efficient procedural mechanism with which to adjudicate claims for the alleged injuries and damages. Plaintiffs are sufficiently numerous and defined, the class representatives are members of the class who can adequately represent absent members, the facts and laws involved are common to all claims, and common adjudication will achieve economies of time, effort, and expense without sacrificing fairness to any party. For this class action to proceed by any others means would be unwieldly for this Court, the 34th Judicial District, and the parties to the litigation.
A class is the superior vehicle to adjudicate the common claims of plaintiffs herein and does not present any additional difficulties of litigation. The witnesses are concentrated in or near this jurisdiction, *546 and notice of the class action can be accomplished with relative ease.
The plaintiffs have satisfied the requirements of numerosity. At least nine separate lawsuits were filed on behalf of approximately 1200 individuals for damages alleged to be caused by Mobil's November 4, 1990, explosions and fire. Plaintiffs now content [sic] that over 2500 households whose inhabitants presently claim injuries from Mobil's explosions and fire. The continuing increase in claims since the original filing demonstrates that new claimants assert claims as they hear of the class action litigation. Thus, the joinder in a single proceeding of a class so large, and continuing to increase or change, would be impracticable. If not brought as a class action, the sheer number of actual or potential claims would be enough to unduly burden this Judicial District and this Court, whether the claims are brought as separate suits or by joinder.
The testimony of the class representatives demonstrates that they are members of the class and will adequately and willingly represent the absent members. Their testimony and the class action petitions reveal similar claims among members of the class. While each member has not suffered each injury alleged, the representatives show a cross section of all injuries alleged on behalf of the class sufficient to represent the claims of all of the class membership.
Finally, plaintiffs have shown that the claims asserted are of a common character, both between the class representatives and class members, and among class membership. The class action petitions and answers state claims and defenses that apply to all parties. In addition, common questions of law and fact, at least on the issue of defendants' liability, are presented in this litigation.
Proceeding as a class action herein accomplishes the purposes for which that procedural device was created by effectuating the substantive law under which plaintiffs seek recovery. It will open the courts to claims that would not ordinarily be litigated due to the relative size of the claims compared to the expenses of continuous litigation, and to claims that may not be pursued due to the absence of the plaintiff from the original proceeding.
Our review of the record shows that plaintiffs introduced sufficient evidence to support the trial court's judgment. With regard to the requirement of numerosity, plaintiffs introduced evidence of the petitions of over 1200 individuals who had filed suit after this incident, and evidence showing approximately 1000 other individuals had come forward seeking to assert claims. Defendants argue that although the proposed class members are numerous, joinder is not impracticable, as evidenced by the fact that thousands of individuals have been joined in several suits and all suits have been consolidated. This, they argue, indicates joinder is not impracticable and therefore class action is not appropriate.
However, this identical argument was advanced in Livingston Parish Police Jury v. Acadiana Shipyards, 598 So.2d 1177 (La. App. 1st Cir.), writs denied, 605 So.2d 1122 (La.1992), wherein thirteen separate actions involving 1200 plaintiffs had been joined prior to the motion for class certification. The court in Livingston concluded that although the suits had been joined, proceeding as a mass joinder was impracticable, and the class action was the better method by which to proceed.
Although the present matter has proceeded to this point by ordinary joinder and consolidation for several years, the trial court found that a class so large that continues to increase or change makes joinder impracticable. We find no manifest error in this determination.
The trial court also found that plaintiffs met their burden of showing adequacy of representation. At the hearing on the class certification, eight proposed class representatives testified that they suffered damages as a result of the fire and explosions at the Mobil refinery. The trial court found that the damages suffered by these individuals represented a cross-section of the typical physical, psychological and economic damages suffered by members of the class. We *547 find no error in the trial court's determination that these proposed class representatives would adequately represent all members of the class.
With regard to the requirement that there be a "common character" among the rights of the representatives and the absent members of the class in order to make for a proper class action, the trial court found that plaintiffs met this burden. The phrase "common character" encompasses more than the simple existence of law and fact common to the class. Ellis v. Georgia-Pacific Corp., 550 So.2d 1310 (La.App. 1st Cir.1989), writ denied, 559 So.2d 121 (La.1990).
The requirement of a "common character" restricts the class action to those cases in which it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness. McCastle, supra, 456 So.2d at 616. When a common character of rights exists, a class action is superior to other available adjudicatory methods for the purpose of promoting the basic aims and goals of a procedural device: (1) effectuating substantive law; (2) judicial efficiency; and (3) individual fairness. Id. If the superiority of a class action is disputed, such as the case here, the court must determine whether these goals would be better served by some other procedural device. Id., at 617.

(1) Effectuating Substantive Law

Plaintiffs have asserted causes of action on behalf of a class comprised of residents, property owners and businesses in St. Bernard Parish and in the Algiers section of Orleans Parish. The causes of action are based in both negligence and strict liability. In assessing the use of a class action from the standpoint of effectuating substantive law, the court in McCastle has cited two ways in which the class action serves this goal:
First, to the extent that they open courts to claims not ordinarily litigated, class actions enable courts to enforce policies underlying causes of action in circumstances where those policies might not otherwise be effectuated. Second, to the extent that they enable courts to see the full implications of recognizing rights or remedies, class action procedures assist courts in judging precisely what outcomes of litigation would best serve the policies underlying causes of action. Class action procedures are fair because courts are more likely to see both the significance of the claims of a plaintiff and the consequences of imposing liability upon a defendant, and thus are more likely to arrive at a substantially just conclusion. Through class action procedures, moreover, the interests of absentees, who may be affected by the litigation regardless of its class nature, are given representation in the litigative process, and thus are more likely to be given their due.
McCastle, supra, 456 So.2d at 618, citing Developments in the LawClass Actions, 89 Harv.L.Rev. 1318, 1353 (1976).
However, a class action in some instances may tend to skew, rather than implement faithfully, the policy underlying a cause of action, and courts must determine whether implementation of substantive law is advanced or deterred by a class action. Id., at 618-619.
In the present case, evidence taken at the certification hearing indicates that the vast majority of the claims asserted by plaintiffs are for personal injury, minor property damage, fear, fright, emotional distress, economic loss, medical expenses and temporary inconvenience due to voluntary evacuation. Most of the claims appear to be small, and it is probable that a class action would open the courts to claims which would not ordinarily be litigated because of the expense and continuousness of litigation as individual actions. Furthermore, as the court will be able to see the significance of the individual claims based on the overall effect of the fire and explosions at the refinery as well as the consequences of imposing liability on defendants for their useful and otherwise legal activities, the court is more likely to arrive at a substantively just conclusion.
The substantive policy underlying plaintiffs' cause of action operates to deter landowners' activities which cause injury and unreasonable inconvenience to others, and to *548 compensate victims for such injury. Although defendants argue that the use of the class action will open the courts to frivolous claims, claimants will nevertheless bear the burden of showing their entitlement to damages, and their recovery will be limited to the amount required to compensate them fairly. There is little danger in this case that the legislative policy will be distorted through the use of the class action.

(2) Judicial Efficiency

A fundamental objective of the class action device is the achievement of economies of time, effort, and expense. McCastle, supra, 456 So.2d at 619. In this case, plaintiffs' claims arose from a common occurrence, and common questions of fact are presented. The pleadings introduced by plaintiffs show that the class members assert common theories of liability against defendants and that defendants' defenses are common to plaintiffs' claims. Although defendants dispute the overall effect the fire and explosions had on the individual claimants, the issue of defendants' duty predominates over such individual questions. The differences cited by defendants include causation and proof of damages. However, while this case undeniably will present claims for damages that vary, individual questions of damages do not preclude a class action when predominant liability issues are common to the class, such as the case here. McCastle, supra, 456 So.2d at 620.
Although defendants cite this Court's decision in Brown v. New Orleans Public Service, Inc., 506 So.2d 621 (La.App. 4th Cir.), writ denied, 508 So.2d 67 (La.1987), we find this case to be distinguishable from the present situation. Although the court in Brown found that individual questions of causation defeat the class action, that case involved the presence of an independent cause, i.e., the freezing temperatures which may have caused plaintiffs' damages. In the present case, there is no evidence that plaintiffs' damages were caused by any other source than the fire and explosions which occurred at defendants' refinery on November 4, 1990.
Furthermore, in promoting judicial efficiency through the use of the class action, the trial court has extensive powers to insure the efficient conduct of the action, and it has the power to revoke, alter or modify the certification order as later developments in the litigation necessitate. In addition, La.C.C.P. art. 593.1 provides that the trial court which certifies a class may adopt a management plan which will provide for separate trial for separate issues to be heard before separate triers of fact. This is not possible in ordinary proceedings except on consent of the parties.
We hold that the trial court in the present case is in the best position to evaluate the circumstances and promote judicial efficiency, and the trial court specifically determined that class action is the superior method by which to proceed. Absent manifest error, which we fail to find, we will not disturb this determination.

(3) Fairness to the Parties

The final consideration is whether the decision in the class action would be fair to the parties. In determining whether it would be unfair to require separate adjudications, the court should consider the precedential value of the first decision, as well as the effect of inconsistent judgments. The court should also consider the size of the claims of the absent members of the class.
In the present case, the trial court noted that because the size of the claims appears to be relatively small, and because the basis for liability will be identical for each claim, the fairest method for adjudication of these claims is the class action.
We have carefully reviewed the entire record including all exhibits and fail to find any evidence of manifest error on the part of the trial court in determining that this matter should be certified as a class action. Accordingly, that portion of the trial court's judgment which certifies this matter as a class action is affirmed.

DEFINITION OF CLASS
Defendants next contend that the trial court erred in certifying a geographic class which exceeds the area impacted by the fire. We agree with this argument.
*549 The establishment of geographic boundaries of a class must be based on evidence in the record. Livingston Parish Police Jury v. Acadiana Shipyards, supra. In the present case, although the trial court set the geographic boundaries of the class as all of St. Bernard Parish and all of Algiers, the evidence in the record fails to support this class definition.
Although both the proposed class representatives and the fact witnesses who testified either at the hearing or by deposition stated that they lived in parts of St. Bernard Parish or Algiers, there was no evidence presented that the fire impacted the area defined by the trial court. There was no expert testimony presented which indicated the areas which had a probability of being affected by the fire, and the maps introduced by plaintiffs fail to show that the claimants resided throughout the parish of St. Bernard or throughout Algiers. Rather, the evidence presented indicates that the claimants resided in concentrated areas near the refinery on both sides of the river.
We find that the record contains no reliable, concrete evidence of the boundaries of exposure to the fire and explosions at the Mobil refinery. From the evidence in the record, we find the class defined by the trial court is broad and over-inclusive. It may be necessary for the trial court to take additional evidence, either expert or otherwise, which will support a concise definition of the class of individuals impacted by this incident. We therefore vacate the trial court's definition of the class and remand this case to the trial court for the purpose of redefining the geographic boundaries of the class to include only those areas which the evidence reasonably shows to be impacted by the fire.

CONCLUSION
Accordingly, for the reasons assigned, we affirm that part of the trial court judgment which grants plaintiffs' motion for class certification. However, we vacate the trial court's definition of the class, and remand this case to the trial court for further proceedings consistent herewith.
AFFIRMED IN PART; VACATED IN PART; AND REMANDED.
MURRAY, J., concurs with reasons.
MURRAY, Judge, concurring with reasons.
I concur in the result reached by the majority. However, my concern with the definition of the class certified by the district court is different from that expressed in the majority opinion.
Although I agree that it is possible that the geographical boundaries of the class may be something less than all of St. Bernard Parish, I do not consider this portion of the class definition an abuse of the trial judge's discretion. It is important for a potential class member to be able to determine readily whether she is or is not included within the class. The use of parish boundaries facilitates this determination. Anyone who otherwise fits the class definition, but who does not live in the parish knows immediately that her rights will not be protected in the class action, and can take steps to pursue her own claim. For this reason, I am concerned that the parameters of "Algiers" are not so well-defined as to allow one to determine with certainty if she is included in the class, assuming the other class prerequisites for class membership are present.