laDALEY, Judge.
Megatrend Telecommunications, Inc. (hereafter Megatrend), a Delaware Corporation with its principal place of business in Connecticut, entered into a contract in Louisiana with Rees Marine, Inc. (hereafter Rees) whereby Rees would obtain a franchise for distribution of some of Megatrend’s communication equipment. A class action lawsuit was instituted by Rees against Mega-trend in Jefferson Parish alleging violations of the agreement. The class action procedure was ultimately dismissed reserving to Rees the right to amend the petition and proceed with its individual action.[1]
Thereafter, Megatrend brought this suit against Rees Marine Inc. and Mr. and Mrs. Rees individually to recover more than $30,-000.00 in legal fees Rand costs incurred in “defending against and obtaining the dismissal of the aforesaid class action.” Rees filed what it entitled a “declinatory exception” based on L.S.A.-R.S. 12:314 asserting that Megatrend is a foreign corporation not authorized to transact business in Louisiana and therefore shall not be permitted to present any judicial demand in any court of this state. Rees also filed an answer denying the allegations of Megatrend’s petition.
Megatrend moved for summary judgment on the attorney fee issue against Rees Marine, Inc. The summary judgment was denied and the matter was set for trial. Following trial, the court denied Rees’ exception and rendered judgment in favor of Mega-trend and against Rees Marine, Inc. in the amount of $25,000.00 in attorneys’ fees and $4,035.16 in costs incurred in conjunction with its defense of the class action. Both parties appealed.
On appeal, Megatrend contends it documented $46,137.54 in attorneys’ fees and costs incurred in defending the class action. Thus, according to Megatrend, the court erred in only awarding $29,035.16. Mega- *1100 trend also contends that the trial court should have considered additional attorney’s fees and costs incurred for prosecuting this attorney fee claim and should have resolved the issue of Mr. Rees’ personal liability.
Rees appeals arguing the breach of contract suit is still pending and that the claim for attorney fees, if valid, is premature. Rees asserts that only the procedural class action portion of that suit has been resolved. Thus, it is not yet known which party will prevail and thereby be entitled to an award of attorney’s fees under the contract. Rees also contends Megatrend failed to offer competent evidence of the attorney fees and costs incurred. Rees does not argue the denial of its exception was in error.
UThe contract executed between the parties provided at article 17 — “In any action of law, brought by any party for the enforcement or breach of this agreement, the prevailing party shall be entitled to recover reasonable attorney’s fees and costs.” The trial court ruled that although the merits of the original action have not been decided, because Megatrend successfully obtained the dismissal of the class action aspect of the lawsuit, it is entitled to the recovery of its attorney’s fees and costs incurred in defending that action. We disagree.
A “class action” is a procedural device utilized to efficiently handle a large number of similarly situated claimants. McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612 (La.1984); Lailhengue v. Mobil Oil Company, et al, 657 So.2d 542 (La.App. 4th Cir.1995). The fact that the procedural aspect of the class action was dismissed, not the merits of the suit, does not trigger the attorney fee provision of the contract. The contract provision allows for the recovery of costs and attorney’s fees to the prevailing party in an action for the “enforcement or breach of the agreement.” A prevailing party is defined by Black’s Law Dictionary, 1069 (5th ed. 1987), as “[t]he party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue ...” The enforcement or breach of the contract remains in litigation. It is clear that the trial court has not yet determined which party is the prevailing party on the main contractual issues. Rees amended its petition in Civil Action No. 494-255 and is continuing to pursue its claims.
Accordingly, we find the trial court erred in awarding attorney’s fees and costs to Me-gatrend prior to the termination of the underlying litigation filed by Rees.
^Because of our decision herein, we pre-termit a discussion of the other assigned errors.
DECREE
For the foregoing reason, the trial court judgment dated June 26, 1995 is reversed and this matter is remanded to the trial court for further proceedings in accordance with this opinion. Megatrend is to bear all costs of this appeal.
REVERSED AND REMANDED.

. Rees Marine, Inc. v. Megatrend Telecommunications, Inc., 646 So.2d 537 (La.App. 5th Cir.1994).