STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 04-1545


GWENDOLYN GUILLORY, ET AL

VERSUS

UNION PACIFIC RAILROAD COMPANY,  ET AL


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 98-5405
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.

AFFIRMED.


Clayton Arthur Larsh Davis
Lundy & Davis
P. O. Box 3010
Lake Charles, LA 70602-3010
(337) 439-0707
Counsel for Plaintiffs/Respondents:
Gwendolyn Guillory, et al

**David Andrew Fraser**
**Attorney at Law**
**P. O. Box 4886**
**Lake Charles, LA 70606**
**(337) 478-8595**
**Counsel for Defendants/Applicants:**
**Union Pacific Railroad Company, A Delaware Corporation**
**Dallas Stutes**

**Harry Alston Johnson, III**
**Steven J. Levine**
**Patrick O'Hara**
**Phelps, Dunbar, et al**
**445 North Boulevard, Suite 701**
**Baton Rouge, LA 70821-4412**
**(225) 346-0285**
**Counsel for Defendants/Applicants:**
**Dallas Stutes**
**Union Pacific Railroad Company, A Delaware Corporation**

**William Boyce Monk**
**Stockwell, Sievert, et al**
**P. O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**Counsel for Defendants/Applicants:**
**PPG  Industries, Inc.**
**Tommy G. Brown**
**W. J. Peard**
**A.L. Greathouse**
**Harry C. Hank**

**Brenton Lance Chism**
**Attorney at Law**
**One Lakeshore Drive, Suite 152**
**Lake Charles, LA 70629-0104**
**(337) 312-4476**
**Counsel for Plaintiffs/Respondents:**
**Gwendolyn Guillory, et al**

**Michael J. Sweeney**
**James R. Miller**
**Dickie, McCamey and Chilcote**
**Two PPG Place - Suite 400**
**Pittsburgh, PA 15222-5402**
**(412) 281-7272**
**Counsel for Defendants/Applicants:**

**Harry C. Hank**
**A.L. Greathouse**
**W. J. Peard**
**Tommy G. Brown**
**PPG  Industries, Inc.**

**EZELL, JUDGE**.

Union Pacific Railroad, Dallas Stutes, PPG Industries, W.J. Peard, A.L. Greathouse, Harry Hank, and Tommy Brown (hereinafter referred to collectively as "the Defendants") appeal a trial court decision setting a class boundary in a class action lawsuit against them. The Defendants assert that the trial court erred in defining the geographic boundary, as there was insufficient evidence in the record to support the definition. We disagree, and for the following reasons, affirm the decision of the trial court.

This class action lawsuit arose out of a chemical spill that occurred in 1983 near a rail-yard in Lake Charles, Louisiana. This suit, originally filed in 1998, was instituted by residents of the geographic area near the spill, complaining of negligence in connection with the remediation of the spill and seeking damages for lost property value as a result of that negligence. The Plaintiffs were certified as a class and on June 29, 2004, the trial court held a hearing to establish the geographical boundaries of the class. At the close of the hearing, the trial court accepted the class boundary submitted by the Plaintiffs, as delineated by a red oval on a map introduced at the hearing. The Defendants sought writs to this court, at which time we called the case up for briefing and argument.

The Defendants assert two assignments of error regarding the geographical boundary defined by the trial court. They first claim that the trial court erred in defining the class at all, as the expert had not yet conducted the necessary analysis to define the boundary. They also claim that the trial court erred in defining the class as he did, as they claim that the evidence establishes that the contamination would not spread equally. As these assignments of error both essentially address the sufficiency

1

of the evidence that the trial court based its determination upon, we shall deal with them as one.

The establishment of geographic boundaries of a class must be based on evidence in the record. *Livingston Parish Police Jury v. Acadiana Shipyards, Inc.*, 598 So.2d 1177, 1184 (La.App. 1 Cir.), *writs denied*, 605 So.2d 1122 (1992). However, a trial court's determination as to certification is reviewed under the abuse of discretion standard of review. *Banks v. New York Life Ins. Co.*, 98-551 (La. 7/2/99), 737 So.2d 1275, *cert. denied*, 528 U.S. 1158, 120 S.Ct. 1168; *See also Duhe v. Texaco, Inc.*, 99-2002 (La. App. 3 Cir. 2/7/01), 779 So.2d 1070, *writ denied*, 01-637 (La. 4/27/01), 791 So.2d 637. In a mass tort case, when the evidence presented at the class certification hearing is insufficient to support the area defined by the trial court, the trial court abuses its discretion by establishing such boundaries. The court in *Royal Street Grocery, Inc. v. Entergy New Orleans, Inc.,* 99-3089, 99-3040, p.10 (La.App. 4 Cir. 1/10/01), 778 So.2d 679, 686, *writ denied*, 01-374 (La. 4/12/01), 789 So.2d 594, stated: "[a] precise geographic definition of the class is not absolutely necessary. In light of the purpose of the class action procedure, it is objectively reasonable for the geographic area to be defined broadly so as to encompass all potential class members."

The Defendants cite *Lailhengue v. Mobile Oil Co.*, 94-2114, 94-2115, 94-2116, (La.App. 4 Cir. 6/7/95), 657 So.2d 542, for the proposition that the Plaintiffs have failed to supply the credible evidence necessary to support the boundary delineated by the trial court. We find that case to be distinguishable.

In *Lailhengue,* the trial court defined the geographic area as all of St. Bernard Parish and all of Algiers in Orleans Parish, following an explosion and fire at the Mobile Refinery in Chalmette, Louisiana. However, in that case, there was no

2

evidence presented that the fire impacted the area defined by the trial court. There was no expert testimony presented to indicate the areas which had a probability of being affected by the fire, and the maps introduced by plaintiffs failed to show that the claimants resided throughout the parish of St. Bernard or Algiers. Vacating the trial court's definition of the class, the appellate court held that establishing geographic boundaries not supported by the evidence resulted in a class definition that was too broad and over-inclusive.

This case is distinguishable in that, where there was no evidence or expert testimony in *Lailhengue* surrounding the affected area, that evidence exists in the case at hand in the form of the expert testimony of Dr. John Kilpatrick. He stated that the areas surrounding the contamination plume would be affected by the stigma of contamination in such a way as to adversely affect property values. Dr. Kilpatrick testified that he had gathered academic studies, had begun gathering information from the tax assessor and the Geographic Information System (GIS), and that he had "taken that information and applied it in this case to determine the similarities between the academic studies and the situation which exists" in this case. He stated that he had utilized the GIS data and computer models to determine, based on his scientific methods, where the devaluation of the property values has occurred in the area in question. He stated several times throughout his testimony that he actually applied his methods to the data he had gathered to support his determination that the boundary established by the trial court is reasonable. In fact, Dr. Kilpatrick stated that he believed the boundary to be conservatively small, if anything.

Furthermore, La.Code Civ.P. art. 592 (A)(3)(C) allows a trial court, at any time before a decision on the merits, to enlarge, restrict, or otherwise redefine the constituency of the class or the issues to be maintained in the class action. If

3

evidence is later produced establishing that the class boundary should indeed be made smaller than it presently is, the trial court may reduce its size at that time. Finally, while actual sales or property value data may have been even more convincing in establishing the class boundary, the time has not yet come for the Plaintiffs to prove what damages, if any, they have suffered. The record contains sufficient evidence to establish that the boundary set by the trial court was reasonable and not an abuse of discretion. Therefore, we find that the boundaries set by the trial court are supported by the evidence in the record and we, therefore, affirm the geographical definition of the class.

We hereby affirm the decision of the trial court. Costs of this appeal are assessed against the Defendants.

**AFFIRMED.**