CHUTZ, J., concurring in part and dissenting in part.
I concur with that portion of the majority opinion denying the Department of Revenue's writ application, which sought review of the trial court's denial of the Department of Revenue's exceptions of lack of procedural capacity and improper use of class action proceedings. I disagree, however, with the majority's reversal of the trial court judgment certifying the *120 class action. I dissent from that portion of the majority opinion for the reasons expressed by Judge Welch in his dissent. Additionally, I point out that one of the primary purposes of a class action is to achieve economies of time, effort, and expense. McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612, 619 (La. 1984) ; Lailhengue v. Mobil Oil Company, 94-2114 (La. App. 4th Cir. 6/7/95), 657 So.2d 542, 548. I believe the majority's acceptance of the appellant's position that each potential class member must prove his standing prior to the certification of the class, defeats the objective of judicial economy. In my view, the trial court neither committed manifest error in its factual determinations nor abused its discretion in certifying the class in this matter.